## APPEAL OF LUCAS E. MOORE STAVE CO.

### Docket No. 5146. Promulgated January 26, 1927.

On the facts stated, *held*, that the petitioner and the Irvington Cooperage Co. were affiliated during the year 1920.

*Samuel V. Markley, Esq.*, for the petitioner.
*Percy S. Crewe, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency in income and profits tax in the amount of $11,755.44 for the year 1920. The only question involved is whether the petitioner was affiliated with the Irvington Cooperage Co. (hereinafter referred to as the Irvington Company).

#### FINDINGS OF FACT.

The petitioner is a Louisiana corporation with principal place of business in New York City.

The Irvington Company was incorporated in March, 1920. On July 9, 1920, this corporation issued capital stock as follows:

|  | Shares. |
| --- | --- |
| Lucas E. Moore Stave Co | 185½ |
| Charles Ossner | 62½ |
| A. T. Knox (in trust for petitioner) | 1 |
| Frank J. Davidson | 1 |
| Total | 250 |

57694°—27——80

W. K. Knox was president of the Lucas E. Moore Stave Co.

Charles Ossner was president and also foreman of the Irvington Company. The stock issued to him was issued in exchange for machinery valued at $6,250 which he had installed. On the same date as the issuance of stock, July 9, 1920, Ossner indorsed in blank his certificate for 62½ shares and delivered it to A. T. Knox, who was vice president and treasurer of the petitioner and vice president of the Irvington Company. On the same date Ossner executed an option reading as follows:

> For and in consideration of the sum of $1.00 receipt of which is hereby acknowledged, I agree to sell to the Lucas E. Moore Stave Company, at any time prior to January 1, 1927, the 62½ shares of stock in the Irvington Cooperage Company which I now own, for and in consideration of not less than the sum of $6,250.00 or the book value of said stock, provided the book value be in excess of the cost thereof.
>
> (Signed)     C. OSSNER.

No transfers of stock were recorded on the stock book of the Irvington Company in 1920.

The petitioner purchased, paid for, and delivered to the Irvington Company all materials and supplies used by the latter. These materials and supplies were charged by the petitioner at cost to the Irvington Company on its books, which were kept at the office of the petitioner in New York. The Irvington Company maintained no office of its own.

With the exception of a few small cash sales, the petitioner made all sales of the product of the Irvington Company. In making sales the petitioner in its own name billed the goods to the purchaser and collected the payments and credited the receipts to the Irvington Company, which service was performed without charge to the Irvington Company.

During the year 1920 the petitioner advanced to the Irvington Company the sum of $98,038.98, upon which it neither charged nor received interest.

The meetings of the directors of the Irvington Company were usually attended by A. T. Knox, Davidson, and Ossner.

#### OPINION.

LOVE: We are of opinion from the evidence that the stock of the Irvington Cooperage Co. was owned or controlled by the petitioner and that it was affiliated within the meaning of section 240 of the Revenue Act of 1918.

*Judgment will be entered on — days' notice, under Rule 50.*